**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANN M. WHITE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 4:09-CV-855 CAS |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Petition to Quash Internal Revenue Service Third Party Summons and the response thereto filed by respondent United States of America. The pro se petitioner, Ann M. White, has filed a reply and this matter is fully briefed. For the following reasons, the Petition to Quash will be denied and this matter dismissed.

**Background**

Petitioner did not file federal income tax returns for the years 2002, 2004, 2005, 2006 or 2007. The Internal Revenue Service ("IRS") received third-party brokerage company data reporting that petitioner had been paid as a the result of stock sales for the years 2002 through 2007. IRS Revenue Agent Brenda L. Vernam was assigned to conduct an examination of petitioner's tax liability.

On April 29, 2009, pursuant to 26 U.S.C. § 7602, Agent Vernam issued an IRS administrative summons to Stifel Nicolaus & Company, Inc. ("Stifel Nicolaus") in St. Louis, Missouri. The summons seeks various records relating to financial transactions with or on behalf of petitioner. Agent Vernam served petitioner with a copy of the summons. Based on Agent Vernam's Declaration

submitted in support of the government's response, all administrative steps required by the Internal Revenue Code for issuance of the summons were followed, and the summons was issued in accordance with applicable regulations.

On May 18, 2009, petitioner filed a petition to quash the summons, arguing the summons was issued in bad faith and should be quashed because (1) the summons was not verified by a written declaration as required by 26 U.S.C. § 6065; (2) the summons fails to comply with 26 U.S.C. § 7603(a) because it was not attested; and (3) the summons fails to meet the requirements of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401, et seq., which prohibits banks from turning over information to the IRS when a summons is not compliant with provisions of the Internal Revenue Code.

**Legal Standard**

To counter a petition to quash, the government must demonstrate that (1) the summons is issued for a legitimate purpose; (2) the material sought is relevant to that purpose; (3) the material sought is not already within the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. See Basham v. United States, 2007 WL 4097745, at *2 (E.D. Mo. Nov. 16, 2007) (citing United States v. Powell, 379 U.S. 48, 58 (1964)). The government generally makes the requisite Powell showing by submitting an affidavit or declaration of the IRS agent who issued the summonses. Id.

To make a prima facie case for upholding a summons, the government need only make a minimal showing of the Powell requirements. Id. The government's burden is slight because a summons action is a summary proceeding that is brought "only at the investigative stage of an action against the taxpayer, and the 'statute must be required broadly in order to ensure that the enforcement

powers of the IRS are not unduly restricted.'" Basham, 2007 WL 4097745, at *2 (quoting Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987)). "Once the government has made its prima facie case, the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process. The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose." Id.

**Discussion**

In response to the petition to quash, the government has submitted the Declaration of Internal Revenue Agent Brenda Vernam, a duly commissioned agent in the Examination Group, Small Business/Self Employed Division of the IRS in Ocala, Florida. Agent Vernam explains the factual circumstances surrounding the issuance of the IRS administrative summons, Form 2039, to Stifel Nicolaus. In her Declaration, Agent Vernam states as follows: (1) she was investigating the income tax liability of petitioner for the tax years 2002 through 2007; (2) Stifel Nicolaus possessed necessary testimony and documentation that would help determine the correct amount of petitioner's income tax liability for these years; (3) the IRS is not already in possession of this testimony and documentation; and (4) the administrative steps required by the Internal Revenue Code have been followed. In this case, the investigation was conducted pursuant to a legitimate purpose, i.e., attempting to determine petitioner's tax liabilities for years in which she reported no income but which third parties reported to the IRS that she profited from stock sale transactions. (Vernam Decl. at ¶ 2). The inquiry is relevant to the purpose, i.e., the inquiry seeks to determine the petitioner's basis and gains in the stocks which she sold in order to determine the amount of income that should be taxed. (Id. at ¶ 3). Under Powell, the Declaration of Agent Vernam establishes the government's prima facie case for upholding the summons.

To establish a valid defense to a summons, a taxpayer is required to show that the government's issuance of the summons was an abuse of process. 2121 Arlington Heights, 109 F.3d 1221, 1224 (7th Cir. 1997). Petitioner can do so either by disproving one of the Powell factors or showing specific facts to suggest that the IRS issued the summons in bad faith. Id.

The burden on a petitioner to prove that the United States did not meet a Powell factor is heavy. United States v. LaSalle Nat'l Bank, 437 U.S.298, 316 (1978); Robert v. United States, 364 F.3d 988, 996 (8th Cir. 2004); United States v. Gertner, 65 F.3d 963, 966-67 (1st Cir. 1995). Petitioner argues that the "summons was not verified by a written declaration as per the requirements of Title 26 U.S.C. § 6065" and that the "summons fails to comply with § 7603(a), in that it was not attested."

Petitioner's first argument, that the summons is required to be verified by a written declaration, is incorrect. Section 6065 is entitled "Verification of Returns" and requires that "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under penalties of perjury." 26 U.S.C. § 6065. The plain language of the statute indicates that the requirement of a declaration applies to tax returns and other documents required to be filed with the IRS, not documents issued by the IRS, such as summonses. See Cermak v. United States, 116 F.3d 1482 (7th Cir. 1997) (unpublished Table decision) ("The phrase 'required to be made' limits the applicability of § 6065 to documents that must be filed with the IRS, and not documents issued by the IRS. . . . A summons under § 7602 is not a document 'required to be made' under the Internal Revenue Code, and hence, § 6065 is not applicable to this case.") (citing Morelli v. Alexander, 920 F. Supp. 556, 558 (S.D.N.Y. 1996)); Johnson v. United States, 2005 WL 3277999, at *3 (W.D. Pa.

4

Dec. 2, 2005) (quoting Cermak); see also Biegelsen v. Ross, 164 F.3d 617, 617 (2d Cir. 1998) (unpublished Table decision) (§ 6065 does not apply to notices issued by IRS agents). Therefore, there is no merit to petitioner's first argument.

Petitioner's second argument is that the summons was not attested as required by 26 U.S.C. § 7603(a). Section 7603(a) requires that "a summons issued . . . shall be served . . . by an attested copy delivered . . . to the person to whom it is directed." 26 U.S.C. § 7603(a). The Declaration of Agent Vernam states that the summons the IRS caused to be served on Stifel Nicolaus was issued in accordance with applicable regulations, (Vernam Decl., ¶ 6), and that an accurate copy of the summons is attached to Declaration. (Id., ¶ 3). The copy of the summons submitted as Exhibit A to the Vernam Declaration includes an attestation as required by 26 U.S.C. § 7603(a). (See Vernam Decl., Ex. A). Agent Vernam's Declaration is sufficient to establish the government's minimal burden. See Basham, 2007 WL 4097745, at *2.

Petitioner states in her unverified reply that the copy of the summons she received did not have an attestation, as shown on Exhibit 1 to the Petition to Quash.[1] Petitioner states, "Summonses come in multi-paged forms with 'carbon copies' making all the copies identical." Reply at 2. Petitioner concludes that "[t]hese documents were prepared independently of one another. As such, it appears the Government's Exhibit A is a fake." Id. Petitioner's unsupported and unverified assertions are not sufficient to establish her heavy burden to disprove the government's evidence that the summons issued to Stifel Nicolaus included an attestation. Petitioner's second argument is therefore also without merit.

---

[1]The Petition to Quash is not verified or signed under penalty of perjury.

5

Finally, Petitioner contends that the summons did not comply with the provisions of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22. The terms of the Act, however, state that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." 26 U.S.C. § 3412(c). Petitioner contends that because the IRS failed to comply with the verification requirement set forth in 26 U.S.C. § 6065, and the attestation requirement of 26 U.S.C. § 7603(a), the summons was not made in accordance with the proper procedures. Because the Court has rejected petitioner's challenges with respect to the verification and attestation requirements, this argument is without merit.

In summary, petitioner has failed to establish a valid defense to the summons. As a result, the Court will deny Petitioner's Petition to Quash Internal Revenue Service Third Party Summons.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Petition to Quash Internal Revenue Service Third Party Summons is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of October, 2009.